| | |
|---|---|
| 1 | Jean M. Lawler (SBN 91254) |
|   | jlawler@murchisonlaw.com |
| 2 | Nancy N. Potter (SBN 91762) |
| 3 | npotter@murchisonlaw.com |
|   | **MURCHISON & CUMMING, LLP** |
| 4 | 801 South Grand Avenue, Ninth Floor |
| 5 | Los Angeles, California 90017-4613 |
|   | Telephone: (213) 623-7400 |
| 6 | Facsimile: (213) 623-6336 |
| 7 | |
| 8 | Attorneys for BROWN AND BROWN INSURANCE BROKERS OF |
| 9 | SACRAMENTO, INC., doing business as |
| 10 | POWERS & COMPANY |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| 15 | JAMES RIVER INSURANCE COMPANY, an Ohio corporation, | CASE NO. 3:11-CV-06345 WHA |
| 16 | | **NOTICE OF MOTION AND** |
| 17 | Plaintiff, | **MOTION BY BROWN AND BROWN INSURANCE BROKERS** |
| 18 | vs. | **OF SACRAMENTO, INC. dba POWERS & COMPANY, TO** |
| 19 | DCMI, INC. a Nevada Corporation, | **DISMISS COMPLAINT** |
| 20 | WESTERN HERITAGE INSURANCE | **(Fed.R.Civ.P. Rule 12(b)(6));** |
| 21 | COMPANY, an Arizona Corporation, | **MEMORANDUM OF POINTS AND** |
|    | MT. HAWLEY INSURANCE | **AUTHORITIES IN SUPPORT** |
| 22 | COMPANY, an Illinois corporation, | **THEREOF;** |
| 23 | PELAGIA, LLC, a California limited | |
|    | liability company, ANN BUTLER as | **PROPOSED ORDER** |
| 24 | trustee of for the ANN M. BUTLER | |
| 25 | TRUST, and WILLOW, LLC, a | Date:   July 17, 2012 |
|    | California limited liability company, | Time:   2:00 p.m. |
| 26 | | Ctrm:   8 |
| 27 | Defendant. | Trial Date:      April 1, 2013 |
| 28 | | |

1    3:11-CV-06345 WHA

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT (Fed.R.Civ.P. Rule 12(b)(6));
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;

| | |
|---|---|
| 1 | |
| 2 | DCMI, INC., a Nevada Corporation, and MICHAEL GOLDSMITH, an individual, |
| 3 | |
| 4 | Counter-claimants, |
| 5 | |
| 6 | vs. |
| 7 | JAMES RIVER INSURANCE COMPANY, an Ohio Corporation, |
| 8 | |
| 9 | Counter-defendant. |
| 10 | |
| 11 | DCMI, INC., a Nevada Corporation, and MICHAEL GOLDSMITH, an individual,, |
| 12 | |
| 13 | |
| 14 | Cross-Claimants, |
| 15 | vs. |
| 16 | MT. HAWLEY INSURANCE COMPANY, INC., an Illinois Corporation, BROWN AND BROWN INSURANCE BROKERS OF SACRAMENTO, INC. dba POWERS & COMPANY, |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | Counter-Defendants. |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 17, 2012, at 2:00 p.m., in Courtroom Courtroom 8 of the above-entitled Court, located at 450 Golden Gate Ave

1  San Francisco, CA 94102.  Cross-defendant BROWN AND BROWN
2  INSURANCE BROKERS OF SACRAMENTO, INC., doing business as POWERS &
3  COMPANY ("Powers") will move to dismiss the Fourth, Fifth, and Sixth counts of the
4  Cross-claim filed by DCMI, Inc. against Powers on the ground that the Fourth, Fifth
5  and Sixth Causes of Action of the cross-claim fail to state any claim upon which relief
6  can be granted as against this moving cross-defendant.
7  Said Motion will be based upon this Notice, the accompanying Memorandum of
8  Points and Authorities, and all pleadings and papers on file in this action.
9  DATED: June 15, 2012           **MURCHISON & CUMMING, LLP**

By: */s/ Nancy N. Potter*
Jean M. Lawler
Nancy N. Potter
Attorneys for BROWN AND BROWN
INSURANCE BROKERS OF
SACRAMENTO, INC., doing business as
POWERS & COMPANY

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................... 1
I. INTRODUCTION ................................................................................................................ 1
II. DCMI HAS FAILED TO ALLEGE THE NECESSARY ELEMENTS OF A CLAIM FOR BREACH OF CONTRACT ........................................................................ 1
III. DCMI'S NEGLIGENCE CLAIM AGAINST POWERS MUST ALSO BE DISMISSED ................................................................................................................ 3
IV. AN INSURANCE BROKER DOES NOT OWE A FIDUCIARY DUTY TO THE INSURED .............................................................................................................. 4
V. CONCLUSION ................................................................................................................... 6

## TABLE OF AUTHORITIES

Page

**CASES**

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544, 562, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ........................... 2

*Car Carriers, Inc. v. Ford Motor Co.,*
745 F.2d 1101, 1106 (7th Cir. 1984) ........................................................... 2

*Century Surety Co. v. Crosby Insurance, Inc.*
(2004) 124 Cal.App.4th 116 ........................................................................ 4

*First Commercial Mortgage Co. v. Reece,*
89 Cal. App. 4th 731, 745, 108 Cal. Rptr. 2d 23 (2001) ............................... 2

*Kin Wai Wu v. Mt. Hawley Ins. Co., et al.*
(4:2011cv01323-DMR ................................................................................. 5

*Kin Wai Wu, Workmen's Auto Ins. Co. v. Guy Carpenter & Co.*
(2011) 194 Cal.App.4th 1468 ...................................................................... 5

*McNeary-Calloway v. JP Morgan Chase Bank, N.A.,*
(N.D. Cal. 2012) 2012 U.S. Dist. LEXIS 40989 ........................................... 2

*Miniace v. Pacific Maritime Association*
2005 WL 2230149 (N.D. Cal. 2005) ........................................................ 4, 5

*Otworth v. Southern Pac. Transp. Co.,*
166 Cal.App.3d 452 (1985) ......................................................................... 2

*Phoenix Four, Inc. v. Strategic Res. Corp.,*
2006 U.S. Dist. LEXIS 6512, 30, 2006 WL 399396 (S.D.N.Y. Feb. 21,
2006) ........................................................................................................... 3

*Sealink, Inc. v. Frenkel & Co.,*
441 F. Supp. 2d 374, 388, 2006 U.S. Dist. LEXIS 53221 (D.P.R. 2006) ..... 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The main action herein is a rescission suit by James River Insurance Company to rescind its policy based upon alleged misrepresentations in the policy applications submitted by defendant DCMI with respect to prior claims or threatened suits. The cross-claim by DCMI against moving cross-defendant Brown And Brown Insurance Brokers of Sacramento, Inc., doing business as Powers & Company (hereinafter, "Powers") alleges that if there were misrepresentations, those misrepresentations were the fault of Powers which, DCMI alleges, filled out the application forms that DCMI simply signed.

DCMI has alleged three different theories of recovery against Powers: Breach of Contract, Negligence, and Breach of Fiduciary Duty. The Breach of Contract cause of action fails completely to allege the necessary elements of a breach of contract claim. The Negligence claim proposes to place a duty upon Powers, as the insurance broker, which Powers does not have. And it is established law that insurance brokers do not owe a fiduciary duty to their clients. Accordingly, all causes of action of the cross-claim against Powers should be dismissed.

## II.

## DCMI HAS FAILED TO ALLEGE THE NECESSARY ELEMENTS OF A CLAIM FOR BREACH OF CONTRACT

The allegations of breach of contract begin at paragraph 30 of the cross-claim. DCMI alleges that it had a "written and verbal" contract with DCMI, but has not attached the alleged written contract to its cross-claim, nor has it specifically pled any of the terms of the alleged written and/or verbal contracts. This is insufficient. A complaint must contain either direct or inferential allegations respecting each material element necessary to sustain recovery under some viable legal theory. (*Bell Atl. Corp.*

*v. Twombly*, 550 U.S. 544, 562, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

The elements of a cause of action for breach of contract are: 1) the existence of the contract; 2) performance by the plaintiff or excuse for nonperformance; 3) breach by the defendant; and 4) damages. (*First Commercial Mortgage Co. v. Reece*, 89 Cal. App. 4th 731, 745, 108 Cal. Rptr. 2d 23 (2001).)

"Facts alleging a breach, like all essential elements of a breach of contract cause of action, must be pleaded with specificity." [Citation.] (*McNeary-Calloway v. JP Morgan Chase Bank, N.A.*, (N.D. Cal. 2012) 2012 U.S. Dist. LEXIS 40989.) The *McNeary* case cited California state law regarding proper pleading of contract claims. Under California law, the required way to plead breach of contract was succinctly set forth by the court in *Otworth v. Southern Pac. Transp. Co.*, 166 Cal.App.3d 452 (1985):

> "To state a cause of action for breach of contract, Otworth must plead the contract, his performance of the contract or excuse for non-performance, Southern Pacific's breach and the resulting damage. [Citation.] Further, the complaint must indicate on its face whether the contract is written, oral or implied by conduct. [Citation; footnote omitted.] If the action is based on an alleged breach of a written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference. [Citation.]" 166 Cal.App.3d at pp. 458-459; emphasis added.
>
> Federal pleading law is much the same:
>
> "In a breach of contract claim, a plaintiff must "plead the provisions of the contract upon which the claim is based." [Citations.] The complaint must "set forth the terms of the agreement upon which liability is predicated, either by express reference or by attaching a copy of the contract." Id.

2

3:11-CV-06345 WHA
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT (Fed.R.Civ.P. Rule 12(b)(6))

[Citations.]" <u>Phoenix Four, Inc. v. Strategic Res. Corp.</u>, 2006 U.S. Dist. LEXIS 6512, 30, 2006 WL 399396 (S.D.N.Y. Feb. 21, 2006)

DCMI has only vaguely referred to a written or oral contract but that purported contract's terms are not set forth in a way that any reasonable reader could determine what the obligations were upon each party. Taking the allegations of the Cross-claim and giving them every favorable inference in favor of DCMI, it appears that Powers was supposed to check the boxes in a commercial insurance application and send it to DCMI. The cross-claim also alleges that Powers performed those actions. Plaintiff has not alleged any facts which would establish a breach of contract by Powers, even if it proved every matter it has alleged.

DCMI has failed completely to allege a colorable claim against Powers based upon breach of contract, and its Fourth Cause of Action should be dismissed.

### III.

### DCMI'S NEGLIGENCE CLAIM AGAINST POWERS MUST ALSO BE DISMISSED

DCMI's negligence claim alleges that it is Powers' fault if DCMI's application contained inaccuracies. This misstates the law with respect to an insurance broker's responsibility. Under federal law,

> "there is no recognized duty of an insurance broker to review the insurance application for the truthfulness or accuracy of the information contained therein and supplied by the assured before sending it to the underwriters. On the contrary, it is the assured who carries the burden for the accuracy of the representations and disclosures included in the insurance application, subject to cancellation of the insurance policy for any material misrepresentations or omissions." <u>Sealink, Inc. v. Frenkel & Co.</u>, 441 F. Supp. 2d 374, 388, 2006 U.S. Dist. LEXIS 53221 (D.P.R. 2006)

California law is much the same. In *Century Surety Co. v. Crosby Insurance, Inc.* (2004) 124 Cal.App.4th 116, an insurer issued a policy based upon representations in the application which turned out to be false. In that case, the insurance broker for the applicant was fully aware that certain statements made in the application were untrue. On that basis the Court held that the broker could be liable to the insurer which provided a defense based on the misrepresentations. The court noted, however,

> …our holding should not be construed as treating an insurance broker as a guarantor of information in an insurance application or as imposing a duty on a broker to independently investigate information provided by the insured. (Id. at 129.)

Hence, both California and federal law hold that the broker is not responsible for the factual accuracy of the application, absent actual knowledge of the falsity of a representation therein. DCMI acknowledges that it signed the application, including the separate document representing that there were no claims or losses, and it was up to DCMI to be sure of its facts before it signed such representations. DCMI's Fifth Cause of Action should be dismissed.

## IV.

## AN INSURANCE BROKER DOES NOT OWE A FIDUCIARY DUTY TO THE INSURED

DCMI's Sixth Cause of Action, pled against Powers, is based on a theory of Breach of Fiduciary Duty. However, insurance brokers, do not owe such fiduciary duties. As stated in *Miniace v. Pacific Maritime Association* 2005 WL 2230149 (N.D. Cal. 2005)

> "The parties agree that the relationship between a broker and the insured does not rise to the level of the attorney-client relationship. PMA provides a number of case to support its assertion that the Corrigan [broker] defendants had "special" or "heightened" duties; however, none of the cases cited by PMA provides for a breach of fiduciary duty claim by an

1  insured against its broker. [Citations.] [¶] This court will not expand the
2  doctrine of fiduciary duty to include insurance brokers, given that it has
3  not been recognized by California courts. (Id. at p. 10.)
4  More recently, the Northern District of California once again considered
5  whether insurance brokers owe a fiduciary duty, and again, the Court held that there
6  was no such duty:
7  "These assertions do not present a cognizable legal theory upon which the
8  court may grant relief. Under California law "an insurance broker cannot
9  be sued for breach of fiduciary duty." [Citation.] accord *Miniace v Pac.*
10 *Mar. Assn. No.* C-04-3506 so, 2005 WL 2230149, at 10 (N.D. Cal Sept.
11 13 2005) (This Court will not expand the doctrine of fiduciary duty to
12 include insurance brokers, given that it has not been recognized by
13 California courts.") (*Kin Wai Wu v. Mt. Hawley Ins. Co., et al.*
14 (4:2011cv01323-DMR)
15 The California decision upon which the Court relied in *Kin Wai Wu*, *Workmen's*
16 *Auto Ins. Co. v. Guy Carpenter & Co.* (2011) 194 Cal.App.4th 1468, has been accepted
17 for review by the California Supreme Court. Powers submits that this court should, as
18 stated in *Miniace, supra*, refrain from finding expanded duties for insurance brokers
19 when no California court has recognized such a duty and the most which can be said is
20 that the issue of the circumstances under which an insurance broker may owe fiduciary
21 duties may be under consideration by California's highest court. The court should
22 dismiss the Sixth Cause of Action now, without prejudice to DCMI potentially being
23 permitted to amend its cross-claim in the future if the Supreme Court issues a ruling in
24 *Workmen's Auto Ins.* which potentially allows such claims.
25 / / /
26 / / /
27 / / /
28 / / /

# V.

# CONCLUSION

For all of the foregoing reasons, it is respectfully submitted that the Court should dismiss the Fourth, Fifth and Sixth Cause of Action of DCMI's Cross-claim against Powers.

DATED: June 15, 2012           **MURCHISON & CUMMING, LLP**

By: */s/ Nancy N. Potter*
    Jean M. Lawler
    Nancy N. Potter
    Attorneys for BROWN AND BROWN
    INSURANCE BROKERS OF
    SACRAMENTO, INC., doing business as
    POWERS & COMPANY

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 South Grand Avenue, Ninth Floor, Los Angeles, California 90017-4613.

On June 15, 2012, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION BY BROWN AND BROWN INSURANCE BROKERS OF SACRAMENTO, INC. DBA POWERS & COMPANY, TO DISMISS COMPLAINT (FED.R.CIV.P. RULE 12(B)(6)); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF;** on the interested parties in this action as follows:

**SEE ATTACHED LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address jburnier@murchisonlaw.com to the persons at the e-mail addresses listed in the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 15, 2012, at Los Angeles, California.



Jennifer Burnier

# SERVICE LIST
## DCMI, Inc. and Michael Goldsmith v. Brown & Brown Insurance Company of Sacramento dba Powers & Company

| | |
|---|---|
| Anna B. DiBendetto<br>Burton, Schmal & DiBenedetto, LLP<br>133 Mission Street, Suite 102<br>Santa Cruz, CA  95060<br>Telephone: 831-425-5023<br>Facsimile: 831-427-3159 | Defendant and Cross-Claimants, DCMI, Inc. and Michael Goldsmith |