1  Jean M. Lawler (SBN 91254 81067OR)
       jlawler@murchisonlaw.com
2  Nancy N. Potter (SBN 91762)
       npotter@murchisonlaw.com
3
**MURCHISON & CUMMING, LLP**
4  801 South Grand Avenue, Ninth Floor
5  Los Angeles, California 90017-4613
   Telephone: (213) 623-7400
6  Facsimile: (213) 623-6336
7
8  Attorneys for BROWN AND BROWN
   INSURANCE BROKERS OF
9  SACRAMENTO, INC., doing business as
   POWERS & COMPANY
10
11
12              UNITED STATES DISTRICT COURT
13            NORTHERN DISTRICT OF CALIFORNIA
14              SAN FRANCISCO DIVISION
15

16  JAMES RIVER INSURANCE              CASE NO. 3:11-CV-06345 WHA
    COMPANY, an Ohio corporation,
17                                     **REPLY MEMORANDUM OF**
         Plaintiff,                    **BROWN & BROWN INSURANCE**
18                                     **BROKERS OF CALIFORNIA dba**
         vs.                           **POWERS & COMPANY IN**
19                                     **SUPPORT OF MOTION TO**
    DCMI, INC. a Nevada Corporation,   **DISMISS COMPLAINT**
20  WESTERN HERITAGE INSURANCE
    COMPANY, an Arizona Corporation,
21  MT. HAWLEY INSURANCE
    COMPANY, an Illinois corporation,  Date:   July 18, 2012
22  PELAGIA, LLC, a California limited  Time:   2:00 p.m.
    liability company, ANN BUTLER as   Crtrm.: 8, 19th floor
23  trustee of for the ANN M. BUTLER
    TRUST, and WILLOW, LLC, a
24  California limited liability company,  Trial Date:        April 1, 2013
25       Defendant.
26       AND RELATED CROSS-
         ACTIONS
27
28

REPLY MEMORANDUM OF BROWN & BROWN INSURANCE BROKERS OF CALIFORNIA dba POWER &
COMPANY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

1    TO THE HONORABLE COURT AND TO ALL PARTIES AND THEIR

2  ATTORNEYS OF RECORD:

3    Cross-defendant BROWN & BROWN INSURANCE BROKERS OF

4  CALIFORNIA dba POWERS & COMPANY (hereinafter, "Powers") submits this

5  Reply in support of its Motion to Dismiss DCMI's Cross-claim against Powers.

6  <center>I.</center>

7  <center>**INTRODUCTION**</center>

8    DCMI pled three theories of recovery against Powers: Breach of Contract,

9  Negligence, and Breach of Fiduciary Duty. DCMI has expressed a willingness to

10  dismiss the Breach of Fiduciary claim without prejudice subject to a tolling agreement,

11  the parties have already had discussions with respect to a tolling agreement, so Powers

12  will not discuss the Breach of Fiduciary Duty claim further, on the assumption that the

13  tolling agreement will be completed prior to the hearing.

14  <center>II.</center>

15  <center>**DCMI'S PLEADING OF THE BREACH OF CONTRACT CAUSE OF ACTION**</center>

16  <center>**DOES NOT MEET FEDERAL REQUIREMENTS FOR PLEADING BREACH**</center>

17  <center>**OF CONTRACT**</center>

18    While Powers cited to California case law with respect to the standard for

19  pleading breach of contract, it did so only because federal case law, notably <u>McNeary-</u>

20  <u>Calloway v. JP Morgan Chase Bank, N.A.</u> (N.D.Cal. 2012) 2012 U.S.Dist. LEXIS

21  40989), also requires contracts to be pled with specificity.  Herein, what DCMI has

22  pled is not a contract.

23    DCMI has pled in Paragraph 30 that under either a written or verbal contract,

24  Powers would assist DCMI with preparing applications to procure insurance.

25  Paragraph 31 alleges what Powers would "routinely" do as part of that alleged

26  contract, including "routinely" checking some boxes on the application without

27  providing definitions to DCMI as to certain terms used on the applications.

28

<center>2</center>

1   Paragraph 32 alleges that DCMI performed all parts of its agreement and

2   paragraph 33 alleges that Powers breached the contract, but does not say how or why.

3   Specifically, at no place in the description of the alleged contract has DCMI

4   stated what the respective duties of the parties to the alleged contract were with respect

5   to either ascertaining the correct information, or making inquiry if there was any

6   response which DCMI did not understand. As alleged in the cross-claim, Powers

7   performed its part of the contract, because it provided a partially filled-out application

8   to DCMI as part of the assistance in applying to obtain insurance.  Nothing in the two

9   paragraphs of the Cross-claim describing the alleged contract states what Powers'

10  duties were under the contract as part of any investigation it was contractually required

11  to undertake prior to filling out portions of the application form.

12  Without alleging the respective duties of the parties with respect to ascertaining

13  facts or checking the filled-out portions of the applications, DCMI  has failed to allege

14  a breach of contract.

15  Powers submits that DCMI's pleading does not put it "on notice as to the basis

16  for [the pleading party's claim." (Boland, Inc. v. Rolf C. Hagen (USA) Corp. (E.D.

17  Cal. 2010 685 F.Supp.2d 1094, 1102). The Breach of Contract count should be

18  dismissed without prejudice so that it can be pled with more specificity.

19  **III.**

20  **DCMI'S NEGLIGENCE COUNT MIS-ATTRIBUTES THE PARTIES' DUTIES**

21  After alleging that the contract between the parties was for Powers to

22  "routinely" pre-check boxes on the application, DCMI alleges in the negligence count,

23  different duties entirely. As noted in Powers' motion, it was DCMI, not Powers which

24  was obligated to assure the accuracy of the representations (*Sealink, Inc. v. Frenkel &*

25  *Co.*, 441 F. Supp. 2d 374, 388, 2006 U.S. Dist. LEXIS 53221 (D.P.R. 2006)),

26  including asking questions if a proposed response (by checkmark) on an application

27  raised a question.  DCMI does not allege that Powers was aware of any claims, or even

28  of any punch list or warranty work. DCMI does not allege that it asked Powers any

REPLY MEMORANDUM OF BROWN & BROWN INSURANCE BROKERS OF CALIFORNIA dba POWER &
COMPANY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

1   questions with respect to the definition of any terms used in the application, or any

2   questions in the nature of "What about…" or "What if…". DCMI would completely

3   demy its obligation to provide truthful answers on an application made in its name,

4   when it was the party which, as a matter of law, had the obligation to assure a truthful

5   application.

6                                              **IV.**

7                                         **CONCLUSION**

8        For all of the foregoing reasons, it is respectfully submitted that the Court should

9   grant this Motion to Dismiss, as to both Breach of Contract and Negligence, without

10  prejudice. The Breach of Fiduciary Duty claim should be dismissed subject to the

11  parties' anticipated tolling agreement.

12  DATED: July 6, 2012                    **MURCHISON & CUMMING, LLP**

13

14                                         By: */s/ Nancy N. Potter*
                                               Jean M. Lawler
15                                             Nancy N. Potter
                                               Attorneys for BROWN AND BROWN
16                                             INSURANCE BROKERS OF
                                               SACRAMENTO, INC., doing business as
17
                                               POWERS & COMPANY
18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 801 South Grand Avenue, Ninth Floor, Los Angeles, California 90017-4613.

On July 6, 2012, I served true copies of the following document(s) described as **REPLY MEMORANDUM OF BROWN & BROWN INSURANCE BROKERS OF CALIFORNIA DBA POWERS & COMPANY IN SUPPORT OF MOTION TO DISMISS COMPLAINT** on the interested parties in this action as follows:

**SEE ATTACHED LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from e-mail address jburnier@murchisonlaw.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 6, 2012, at Los Angeles, California.

Jennifer Burnier

REPLY MEMORANDUM OF BROWN & BROWN INSURANCE BROKERS OF CALIFORNIA dba POWER & COMPANY IN SUPPORT OF MOTION TO DISMISS COMPLAINT

**SERVICE LIST**
**DCMI, Inc. and Michael Goldsmith v. Brown & Brown Insurance Company of Sacramento dba Powers & Company**

Anna B. DiBendetto                              Defendant and Cross-Claimants, DCMI,
Burton, Schmal & DiBenedetto, LLP               Inc. and Michael Goldsmith
133 Mission Street, Suite 102
Santa Cruz, CA  95060
Telephone: 831-425-5023
Facsimile: 831-427-3159

REPLY MEMORANDUM OF BROWN & BROWN INSURANCE BROKERS OF CALIFORNIA dba POWER & COMPANY IN SUPPORT OF MOTION TO DISMISS COMPLAINT