IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES RIVER INSURANCE COMPANY,

 Plaintiff,

v.

DCMI, INC.; WESTERN HERITAGE INSURANCE COMPANY; MT. HAWLEY INSURANCE COMPANY; PELAGIA, LLC; 7th AVENUE CENTER, LLC; ANN BUTLER, as trustee of for the ANN M. BUTLER Trust; and WILLOW, LLC,

 Defendants.

 /

AND RELATED CROSS-CLAIMS.

 /

No. C 11-06345 WHA

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS CROSS-CLAIMS AND VACATING HEARING**

## INTRODUCTION

In this contract dispute, cross-defendant Brown and Brown Insurance Brokers of Sacramento, Inc. doing business as Powers & Company moves to dismiss three cross-claims of cross-complainant DCMI, Inc., and counter-complainant Michael Goldsmith. For the reasons stated below, the motion is **GRANTED IN PART** and **DENIED IN PART**. The hearing scheduled for July 18 is **VACATED**.

## STATEMENT

This action is a lawsuit brought by plaintiff James River Insurance Company to rescind its commercial general liability insurance policy issued to defendant DCMI, Inc., a California

construction contractor. James River alleges DCMI made material omissions and/or misrepresentations about prior claims or threatened suits in its insurance applications, and seeks to rescind the policies and obtain a declaration that it has no duty to defend or indemnify DCMI concerning certain construction defect claims made by defendant Pelagia LLC and others in the *Pelagia* state-court litigation. (*See* Compl. ¶¶ 1–2; *Pelagia LLC v. DCMI, Inc.*, Santa Cruz County Superior Court Case No. CV164294).

The instant motion, however, concerns a cross-claim brought by defendant DCMI and Mr. Michael Goldsmith (the president of DCMI) against James River; cross-defendant Mt. Hawley Insurance Company; and DCMI's insurance agent/broker, Brown and Brown Insurance Brokers of Sacramento, Inc. doing business as Powers & Company ("Powers") (Dkt. No. 38).

The cross-claims against Powers allege that it is liable for any misrepresentations in DCMI's insurance applications, because Powers allegedly prepared the application forms that DCMI signed and that were subsequently submitted to James River. Of the seven cross-claims asserted, three are against Powers: breach of contract, negligence, and breach of fiduciary duty. The cross-claims against Mt. Hawley are not at issue in the instant motion.

In sum, this order finds that the breach of contract and negligence claims are sufficiently alleged, but the fiduciary duty claim must be dismissed. Each claim is discussed in turn below.

The breach of contract claim alleges:

> DCMI is informed and believes and thereon alleges that it had a written or verbal contract with POWERS & COMPANY under which contract, POWERS & COMPANY assisted DCMI with completing applications for insurance, which POWERS & COMPANY would use to procure policies of commercial general liability insurance on behalf of DCMI.
>
> POWERS & COMPANY would routinely complete and either fax or email to DCMI for signature an already completed commercial insurance application and any necessary supplemental questionnaires. Other than company specific payroll and project information, POWERS & COMPANY routinely "checked" the boxes on the application and any supplemental forms before sending the forms to DCMI for signature and without ever reviewing with DCMI any of the terms used in the application, including, but not limited to, informing DCMI as to what was included in the application definition of terms such as claims and

2

occurrences, and whether "defective workmanship" to be disclosed included warranty and/or punch list work.

DCMI alleges it performed its obligations under the contract, including paying Powers for its insurance brokerage services. DCMI alleges that as a result of Powers's breach of its broker/agent agreement(s), DCMI has been damaged to the extent that James River rescinds its policies with DCMI based on the allegedly erroneous information Powers included in the applications (*id.* ¶¶ 30–33).

The negligence claim alleges:

> POWERS & Company, as DCMI's insurance agent/broker, had a duty to review with DCMI all of the information contained within any commercial insurance applications completed by POWERS & COMPANY on DCMI's behalf, which duty included explaining to DCMI any application definition of terms such as claims and occurrences, and whether "defective workmanship" to be disclosed included warranty and/or punch list work.
>
> POWERS & COMPANY was negligent with respect to the DCMI application for the aforementioned JAMES RIVER policies in that it "pre-checked" "NO" in Section 26 of the Supplemental Questionnaire form and failed to inform DCMI that the terms identified in the Loss Warranty Letter included warranty and punch list type work.

DCMI alleges it was damaged as a direct and proximate result of Powers's breach of its duties as DCMI's insurance agent/broker (*id.* ¶¶ 35–37).

The breach of fiduciary duty claim reiterates the above-cited allegations and argues that Powers breached its fiduciary duties "with respect to properly completing DCMI's insurance applications or simply leaving the applications blank before sending them to DCMI and them completing them with DCMI while explaining the terms therein." As a result, James River is seeking rescission of its insurance policies issued to DCMI, and if the policies are rescinded, DCMI will not have commercial general liability insurance for the relevant policy periods (*id.* ¶¶ 39–44).

Powers now moves to dismiss these three cross-claims pursuant to FRCP 12(b)(6).

**ANALYSIS**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 129 S.Ct.

1937, 1949 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendant is liable for the conduct alleged. While a court "must take all of the factual allegations in the complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy* Co., 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

### 1. BREACH OF CONTRACT.

To state a claim for breach of contract, a plaintiff must plead sufficient facts to establish: (1) the existence of a contract; (2) the plaintiff's performance under the contract; (3) that the defendant breached the contract; and (4) the breach resulted in damage to the plaintiff. *Walsh v. W. Valley Mission Cmty. Coll. Dist.*, 66 Cal. App. 4th 1532, 1545 (1998).

Powers argues that DCMI and Mr. Goldsmith fail to plead the first and third elements, namely, the contract and breach, with the requisite specificity. This order finds that while the cross-claim includes relatively few details and does not append a copy of a written contract, it nevertheless sufficiently alleges all of the required elements of a breach of contract claim.

As an initial matter, Powers asks this Court to apply an incorrect pleading standard. It contends that the contract claim must be pleaded with greater specificity, and cites *Otworth v. Southern Pac. Transp. Co.*, 166 Cal. App. 3d 452 (1985), for California pleading requirements for breach of contract claims (including that "the complaint must indicate on its face whether the contract is written, oral, or implied by conduct" and that with written contracts, "the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference"). Citing district court opinions outside our circuit, Powers argues that federal pleading law is much the same, and quotes *Phoenix Four, Inc. v. Strategic Res. Corp.*, No. 05 Civ. 4837(HB), 2006 WL 399396, at *10 (S.D.N.Y. Feb 21, 2006) for the proposition that the complaint must "plead the provisions of the contract upon which the claim is based" and "set forth the terms of the agreement upon which liability is predicated,

4

1 either by express reference or by attaching a copy of the contract." However, the majority
2 rule in district courts in this circuit rejects application of *Otworth* in federal actions; rather,
3 the sufficiency of the complaint is governed according to the Federal Rules of Civil Procedure
4 and federal law interpreting those rules. *See Boland, Inc. v. Rolf C. Hagen (USA) Corp.*,
5 685 F. Supp. 2d 1094, 1102 n.7 (E.D. Cal. 2010) (citing cases). Furthermore, the text Powers
6 quotes from *Phoenix* is originally from two New York state-court decisions in reference to state
7 pleading procedure, and thus, is inapplicable here. Instead, this order assesses the sufficiency
8 of the complaint under the notice pleading requirements of FRCP 8.

9 To repeat, DCMI and Mr. Goldsmith allege that DCMI "had a written or verbal contract"
10 with Powers, under which Powers "assisted DCMI with completing applications for insurance"
11 which Powers would then use to procure commercial general liability insurance for DCMI
12 (Cross-claim ¶ 30). These allegations are sufficient to plead the first element, the existence of
13 a contract. Under the contract, Powers allegedly "routinely" pre-checked boxes before sending
14 the forms to DCMI for signature, and that it then used the applications to obtain the insurance
15 policies DCMI requested (*id.* ¶ 31). Although the cross-claim does not specifically describe the
16 duties of the parties as to verifying the accuracy of each check-box response, the facts pleaded
17 support a reasonable inference that DCMI hired Powers to fill out the forms *correctly*, as well
18 as advise DCMI on the meanings of any key terms so that DCMI could verify and provide
19 the proper responses in order to successfully obtain the valid insurance coverage it desired.
20 The allegations describe a contractual arrangement by which DCMI paid Powers to facilitate
21 procurement of insurance by filling out application forms and offering guidance as to the
22 appropriate completion of those forms.

23 The second element, DCMI's performance, is established by its allegation that
24 "DCMI performed all applicable terms and conditions . . . including, but not limited to,
25 paying POWERS & COMPANY for its insurance brokerage services" (*id.* ¶32).

26 As to the third element, breach, DCMI alleges Powers filled out the forms by
27 pre-checking boxes "without ever" reviewing the terms with DCMI (*id.* ¶ 31). By inserting
28 information into the forms and failing to provide adequate explanation of what disclosures

**United States District Court**
For the Northern District of California

5

the forms required, Powers allegedly breached the contract, resulting in the denial of DCMI's insurance coverage by James River.

The fourth element, damages, is pleaded by the allegation that "DCMI has been damaged in an amount according to proof to the extent that JAMES RIVER rescinds its policies" (*id.* ¶ 33).

Taken as a whole, these factual allegations put Powers "on notice as to th[e] basis for [the pleading party]'s claim" (Reply Br. 3, quoting *Boland*, 685 F. Supp. 2d at 1102 n.7). As alleged in the cross-claim, (1) Powers had a contractual duty assist DCMI with procuring insurance by preparing and explaining certain elements of DCMI's insurance applications; (2) DCMI performed its obligations by paying for said brokerage services; (3) Powers breached the agreement by inserting erroneous information into the forms without explaining the significance of the terms to DCMI; and (4) DCMI suffered damages to the extent of James River's rescission of the policies. Accordingly, Powers's motion to dismiss the breach of contract cross-claim is **DENIED**.

### 2. NEGLIGENCE.

The elements of negligence are duty, breach of duty, causation, and damages. The general rule in California is that each person has a duty to use "ordinary care" and is liable for injuries caused by a failure to exercise this care. *Parsons v. Crown Disposal Co.*, 15 Cal. 4th 456, 472 (1997). At issue in the instant motion is the first element, namely, whether Powers owed a duty to DCMI and Mr. Goldsmith.

DCMI and Mr. Goldsmith argue that despite "the lack of an affirmative duty by an insurance broker to confirm the truthfulness and/or accuracy of the information provided by the assured, absent a prior knowledge of a falsity contained therein," the broker has a duty to review the information contained in any insurance applications prepared, refrain from submitting erroneous information by "pre-checking" boxes, and explain definitions of key terms. Powers allegedly breached these duties by pre-checking boxes on DCMI's insurance applications without reviewing the information with DCMI or explaining what types of "defective workmanship" required disclosure, which caused erroneous information to be

1 submitted on the applications, resulting in damages when James River subsequently denied
2 coverage (*see* Cross-claim ¶¶ 35–37; Opp. 6).

3 Both parties rely on *Sealink, Inc. v. Frenkel & Co., Inc.*, 441 F. Supp. 2d 374, 388
4 (D.P.R. 2006), for the proposition that federal law does not recognize a duty of an insurance
5 broker to confirm the accuracy of information on an insurance application. This reliance is
6 misguided. *Sealink* explicitly applied Puerto Rico law in its analysis of insurance broker duties
7 under marine insurance. *Id.* at 386 ("From the text of the Insurance Code of Puerto Rico, the
8 Civil Code of Puerto Rico, and interpretations of the Supreme Court of Puerto Rico, the Court
9 can only conclude that it is the sole responsibility of the assured to complete the insurance
10 application and ensure its accuracy.") (emphasis removed).

11 The parties both cite to California law, *Century Sur. Co. v. Crosby Ins., Inc.*, 124 Cal.
12 App. 4th 116 (2004), for a similar principle. Nonetheless, *Century Surety* is inapposite because
13 it concerned a broker's duty of care to an *insurer*, in a situation where the broker allegedly *knew*
14 *of actual misstatements* in the application:

> We conclude that policy reasons support imposing a duty on
> insurance brokers to exercise reasonable care in preparing
> insurance applications under the facts alleged in the
> cross-complaint. We emphasize that our holding should not
> be construed as treating an insurance broker as a guarantor of
> information in an insurance application or as imposing a duty
> on a broker to independently investigate information provided
> by the insured. However, *when the broker knows of actual*
> *misstatements*, the broker may be held liable for transmitting
> those misrepresentations in an insurance application knowing the
> insurer will reasonably rely on them. Thus, the trial court abused
> its discretion in sustaining the demurrer as to the cause of action
> for negligence.

22 *Id.* at 125. Here, DCMI and Mr. Goldsmith do not allege that Powers knew any of the
23 representations in DCMI's applications were false. Thus, *Century Surety* is inapplicable
24 and does not inform this order's finding that *Powers owed a duty to DCMI*.

25 Instead, California law defines an insurance agent or broker's general duties to its client
26 as "those duties normally found in any agency relationship," such as "the obligation to use
27 reasonable care, diligence, and judgment in procuring the insurance requested by an insured."
28 A broker is not obligated to suggest additional coverage or "advise the insured on specific

7

insurance matters," but a broker may assume special duties by "an express agreement or a holding out [as an expert]." *See Jones v. Grewe*, 189 Cal. App. 3d 950, 954 (1987).

Here, DCMI and Mr. Goldmith appear to allege breach of the general duty, although their contract claim may suggest additional special duties as a result of an express agreement. The cross-claim alleges sufficient facts to support a claim for breach of the general duty, and because any special duty arising out of contractual obligations would be duplicative of the contract claim discussed above, this order construes the negligence claim as based on the general duty alone. Advising DCMI as to the meaning of key terms comes within this general duty and does not constitute advice on "specific insurance matters." It instead pertains to explaining the meaning of the application forms and the nature of the information required by James River, all of which is part of the process of procuring DCMI's requested insurance. While Powers was not obligated to advise DCMI as to what types of insurance it should purchase or the particulars of coverage provided by different insurance policies, it did have a duty of reasonable care in helping DCMI obtain the insurance it requested. This included using reasonable care, diligence, and judgment in pre-filling information and explaining the application forms to DCMI. Such explanation was required so that DCMI could make an informed assessment when it verified and signed the pre-filled forms.

Powers contends that DCMI is attempting to shift the blame to escape responsibility for the documents it signed, and that it was ultimately up to DCMI to verify the facts on its applications and ask any clarifying questions before signing (Br. 4). When an insurer sues for rescission, the insured is generally held responsible vis a vis the insurer for any misrepresentations in the application, even if it was prepared by a broker. *See Superior Dispatch, Inc. v. Ins. Corp. of New York*, 181 Cal. App. 4th 175, 192 (2010), *as modified on denial of reh'g* (Feb. 22, 2010) (citing *LA Sound USA, Inc. v. St. Paul Fire & Marine Ins. Co.*, 156 Cal. App. 4th 1259, 1268 (2007)); *see also Pac. Ins. Co. v. Kent*, 120 F. Supp. 2d 1205, 1210 (C.D. Cal. 2000). However, this does not preclude the insured from stating a claim against its *broker* for breaching the duty to use reasonable care, diligence, and judgment in procuring the insurance requested by the insured. DCMI relied on Powers to assist it with the process of

obtaining insurance, and the allegations that Powers failed to use reasonable care in preparing the forms and communicating the application requirements to DCMI are sufficient to state a claim for negligence.

For the foregoing reasons, Powers's motion to dismiss the negligence claim is **DENIED**.

### 3. BREACH OF FIDUCIARY DUTY.

Powers cites *Kin Wai Wu v. Mt. Hawley Ins. Co*, C-11-01323-DMR, 2011 WL 5104469, at *3 (N.D. Cal. Oct. 27, 2011) (Ryu, J.), to argue that insurance brokers do not owe the fiduciary duties alleged by DCMI. For the breach of fiduciary duty claim, a dispositive state court decision, *Workmen's Auto Ins. Co. v. Guy Carpenter & Co.*, 194 Cal. App. 4th 1468, 1476–77 (2011), is currently being reviewed by the California Supreme Court. As such, the parties have agreed to voluntarily dismiss the claim, without prejudice, but with a tolling agreement (Opp. 7). Accordingly, Powers's motion to dismiss the claim for breach of fiduciary duty is **GRANTED.** The claim is **DISMISSED WITHOUT PREJUDICE** to cross-claimants DCMI and Mr. Goldsmith seeking leave to amend to restore the claim after the California Supreme Court decision.

### CONCLUSION

For the foregoing reasons, Powers's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. The hearing scheduled for July 18 is **VACATED**. As stated, DCMI and Mr. Goldsmith may seek leave to amend to restore the breach of fiduciary duty claim after the California Supreme Court decision.

**IT IS SO ORDERED.**

Dated: July 12, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

9